# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMEKA SIMMONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAUER RENTALS, et al.,<br><br>Defendants. | Case No. 1:23-cv-00523-JLT-SAB<br><br>ORDER GRANTING MOTION TO APPOINT KIMEKA SIMMONS AS GUARDIAN AD LITEM FOR H.T., M.H., AND E.H.<br><br>(ECF No. 1) |

On April 4, 2023, a motion for appointment of Plaintiff Kimeka Simmons to act as guardian ad litem for minor Plaintiffs H.T., M.H., and E.H., was filed in this action brought pursuant to the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.*, and related state laws. (ECF No. 1.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T

1

1    Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the
2    guardian ad litem cannot face an impermissible conflict of interest with the ward and courts
3    consider the candidate's "experience, objectivity, and expertise" or previous relationship with the
4    ward.  Id. (citations omitted).

5    "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
6    of each are the same, no need exists for someone other than the parent to represent the child's
7    interests under Rule 17(c)."  Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212
8    F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there
9    are situations where the best interests of the minor and the interests of the parent conflict.
10   Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2
11   (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian
12   ad litem for the child.  Id., at *2.

13   Kimeka Simmons declares that she is the natural mother of the minor Plaintiffs.  (Decl.
14   Kimeka Simmons ("Simmons Decl.") ¶ 1, ECF No. 1 at 1-2.)  Kimeka Simmons declares that
15   the minors do not have a general guardian other than the petitioner as their parent, and no
16   previous motion for the appointment of guardian ad litem has been filed in this matter.
17   (Simmons Decl. ¶ 4.)  Kimeka Simmons declares that she is competent and willing to act as
18   guardian ad litem for her minor children.  (Simmons Decl. ¶ 5.)

19   In consideration of the motion, the Court finds no conflict that would preclude Plaintiff
20   Kimeka Simmons from serving as a guardian ad litem for her minor children.

21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint guardian ad litem is GRANTED; and
2. Plaintiff Kimeka Simmons is appointed guardian ad litem for minor Plaintiffs H.T., M.H., and E.H.

IT IS SO ORDERED.

Dated:   **April 6, 2023**

UNITED STATES MAGISTRATE JUDGE