UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMEKA SIMMONS, H.T., M.H., and E.H., minors, by and through their Guardian Ad Litem, KIMEKA SIMMONS,<br><br>Plaintiffs,<br><br>v.<br><br>BAUER RENTALS, REAGAN BAUER, and JANET BAUER,<br><br>Defendants | Case No. 1:23-cv-00523-JLT-SAB<br><br>ORDER ON MOTION IN LIMINE<br><br>(Doc. 33) |

In this action, Kimeka Simmons and her children allege that Defendants wrongfully served a Notice of Non-Renewal of Lease following Plaintiffs' request, at the recommendation of her therapist, that she get an emotional support animal, resulting in violations of 42 U.S.C. § 3601, the California Fair Employment and Housing Act, California Civil Code § 51, the California Business & Professions Code § 17204, negligence under California law, and the Fair Credit Reporting Act. (Doc. 2.) Plaintiff seeks punitive and compensatory damages for the physical and emotional distress allegedly caused by Defendants' intentionally unlawful practices. (*Id.*) Before the Court is Defendant's motion in limine to exclude evidence or testimony of damages. (Doc. 33.)

**I.   Legal Standards Governing Motions in Limine**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a

1

particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted). "[A] ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (internal quotation marks and citation omitted).

"The movant has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023) (citation omitted).[1] To satisfy its burden, the movant "must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). Otherwise, the Court disfavors "[m]otions in limine that seek exclusion of broad and unspecific categories of evidence," *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (citation omitted). Essentially, non-specific, vague, and boilerplate motions *in limine* are prohibited. *Nichia Corp. v. Feit Elec. Co., Inc.*, No. CV 20-359-GW-EX, 2022 WL 17885683, at *2 (C.D. Cal. Nov. 29, 2022); *Banga v. Kanios*, No. 16-CV-04270-RS, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021).

## II. Defendant's Motion in Limine to Exclude Evidence or Testimony of Damages for Failure to Comply with Rule 26

Defendants seek to exclude evidence of damages because Plaintiffs' Rule 26 disclosure "provided no identification of categories of damages, no calculation of damages, and no documents to support any claim of damages." (Doc. 33.) Defendants allege that "despite the continuing obligation to supplement the initial disclosures," Plaintiffs have not supplemented the

---

[1] For additional authority regarding the movant's burden, *see also Beasley v. Wells Fargo Bank, NA*, 570 F. Supp. 3d 1131, 1133 (M.D. Fla. 2021) (citation omitted); *Wilder v. World of Boxing LLC*, 220 F. Supp. 3d 473, 478–79 (S.D.N.Y. 2016) (citation omitted); *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (citation omitted); *United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011); *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation omitted); *Wilson v. Pepsi Bottling Grp.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (citation omitted); *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994).

1  damages disclosures. (*Id.*) Plaintiffs contend that the initial disclosures identified two categories
2  of damages—compensatory and punitive—and that Ms. Simmons' deposition revealed further
3  details underlying the requests made under both categories. (Doc. 39 at 4–5.) Plaintiffs seem to
4  suggest that simply identifying the two categories of damages is sufficient. It is not.

5  Rule 26 requires that a party's initial disclosures provide a "computation of each category
6  of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The purpose of
7  Rule 26's initial disclosures requirement is to enable defendants to understand their potential
8  exposure and make informed decisions as to settlement and discovery. *City & Cty. Of San*
9  *Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). "A computation of
10 damages may not need to be detailed early in the case before all relevant documents or evidence
11 has been obtained by the plaintiff. As discovery proceeds, however, the plaintiff is required to
12 supplement its initial damages computation to reflect the information obtained through
13 discovery." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-01216-GMN, 2013 WL
14 321659, at *6 (D. Nev. Jan 28, 2013). Moreover, "[c]omputation of each category of damages,"
15 as used in Rule 26, "contemplates some analysis beyond merely setting forth a lump sum amount
16 for a claimed element of damages." *Silver State Broad., LLC v. Beasley FM Acquisition*, No.
17 2:11-CV-01789-APG-CWH, 2016 WL 320110, at *2 (D. Nev. Jan. 25, 2016), *aff'd*, 705 F. App'x
18 640 (9th Cir. 2017).

19 Rule 37(c)(1) provides for exclusion of any evidence or information that a party fails to
20 disclose in a timely manner, unless the violation was harmless or substantially justified. Fed. R.
21 Civ. P. 37(c)(1); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th
22 Cir. 2008) (explaining that exclusion of evidence is appropriate unless the failure to disclose was
23 substantially justified or harmless). Plaintiffs do not suggest that their failure to offer a
24 computation of damages was substantially justified. Rather, they focus on the harmlessness of the
25 failure.

26 "The automatic nature of the rule's application does not mean that a district court *must*
27 exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate
28 sanctions 'in addition to or instead of [exclusion].'" *Merch. v. Corizon Health, Inc.*, 993 F.3d

3

733, 740 (9th Cir. 2021) (quoting Fed. R. Civ. P. 37(c)(1)). "Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* Thus, when a court finds that the failure to provide a computation of damages was substantially justified or harmless, courts may deny motions in limine to preclude evidence of those damages under Rule 37(c)(1)'s automatic sanction.

### A. Emotional Distress and Punitive Damages

Plaintiffs seek emotional distress and punitive damages. (Doc. 2 at 7–8.) Courts have reasoned that a computation is not required for these types of damages because they are "difficult to quantify" and are generally a fact issue for the jury's consideration. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011); *see Creswell v. HCAL Corp.*, No. 04-cv-388-BTM-RBB, 2007 WL 628036, at *2 (S.D. Cal. Feb 12, 2007) (explaining that "emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation" and that Plaintiff's failure to disclose a computation of punitive damages is harmless because "there is no additional discovery which Defendant would have required had it been so informed"); *Cleveland v. Behemoth*, No. 3:19-cv-00672-RBM-BGS, 2022 WL 5264494, at *3 (S.D. Cal. Oct. 6, 2022).

Defendants argue that Plaintiffs' claim for emotional distress and punitive damages is improper because Plaintiffs made a conclusory statement requesting these damages in their initial disclosures without providing any supporting documentation. (Doc. 33 at 2–3.) Notably, Rule 26 does not require a party to provide supporting documentation. Rule 26 (a)(1)(iii) requires only that the party make the documents, upon which the computation is based, available for review and copying. Apparently, Defendants never sought to examine or copy any such supporting documents. (Doc. 33 at 2) To the contrary, Plaintiffs contend that they produced a "59-page medical file" (Doc. 39 at 6) and it appears Defendants used these documents at Ms. Simmons' deposition (Doc. 39-3 at 6-7, 9).

Indeed, Ms. Simmons discussed her emotional suffering at her deposition. *See Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2020 WL 5880153, at *7 (D.

1  Ariz. Oct. 2, 2020) (finding that although the plaintiff did not add emotional distress damages to
2  the damages computation, defendants had "long been on notice" that the plaintiff was seeking
3  emotional distress damages through the amended complaint and witness disclosures). (Doc. 2;
4  Doc. 39-2 at 2–11.) Thus, Defendants had sufficient notice of Plaintiffs' intention to seek
5  emotional distress and punitive damages. *See Creswell*, 2007 WL 628036, at *2. On this record,
6  Plaintiffs' failure to provide a computation of the emotional distress and punitive damages will
7  not preclude them from admitting evidence as to these damages at trial.. *See E.E.O.C.*, 276
8  F.R.D. at 639. Thus, Defendants' motion in limine as to the emotional distress and punitive
9  damages is **DENIED**.

        **B. Economic Damages**

As to economic damages, Plaintiffs specified move-out fees and increased rent as computable categories of compensatory damages. (Docs. 2, ¶ 24; Doc. 39 at 5.) Rule 26 requires the plaintiff to provide "a computation of each category of damages claimed" and to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) creates an obligation for parties to supplement the information disclosed under Rule 26(a) in a timely manner, including its computation of damages. Fed. R. Civ. P. 26(e). "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure. However, cases have held that the computation of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information related to hours worked and pay rate." *Mort v. DeJoy*, No. 1:19-cv-0652-JLT-SKO, 2022 WL 3229298, at *11 (E.D. Cal. Aug. 10, 2022) (quoting *Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013). The burden of showing the failure to disclose was substantially justified or harmless lies with the party facing sanctions. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Though Rule 37 exclusions may be "automatic" or "self-executing," the Court retains considerable discretion when determining the appropriate sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendants aver that Plaintiffs' initial disclosures violate Rule 26 by merely providing the

5

1  category of "compensatory damages" without providing further details or documentation to
2  support the economic damages of the move-out fees and the increased rent.  (Doc. 33 at 3.)
3  According to Defendants, Plaintiffs' initial disclosures simply stated that "Plaintiffs seek
4  compensatory and punitive damages according to proof.  Besides the documents set forth above,
5  there are currently no additional documents from which to compute any such damages." (*Id.* at
6  2.)  Defendants allege that there is "no listing of what categories of [economic] damages are
7  sought and no calculations whatsoever," and that Ms. Simmons failed to provide any
8  documentation explaining what "caused her to have to pay increased rent." (*Id.* at 3.)  Plaintiffs
9  argue that based on the complaint, the initial disclosures, and Ms. Simmons' deposition
10 testimony, Defendants had ample notice of the economic damages sought and an opportunity to
11 "seek more clarification, if they so desired."  (Doc. 39 at 5.)  Plaintiffs point out that the
12 Complaint and their initial disclosures indicate that "Plaintiffs seek compensatory and punitive
13 damages," and that Ms. Simmons' stated at her deposition that her current rent is "$1,000 more"
14 than the rent she was paying at Defendants' property.  (Doc. 39 at 4–6; 39-3 at 10.)  Plaintiffs
15 argue that any surprise regarding the economic damages is "non-existent."  (Doc. 49 at 6.)

16         Though Defendants were on notice that Plaintiffs were seeking economic damages,
17 Plaintiffs failed to comply with Rule 26 without substantial justification. A "plaintiff should
18 provide more than a lump sum statement of the damages allegedly sustained." *Tutor-Saliba*
19 *Corp.*, 218 F.R.D. at 221.  Initial disclosures "require[] more than merely the broad types of
20 damages ("wrongful death, or "property damage," "bodily injury," etc.)  To make the disclosure
21 obligation meaningful, a more detailed specification of damages" is required. *Id.* (citing Rutter
22 Group, Fed. Civ. Proc. Before Trial § 11:166 (2001)).  "For example, in a personal injury case,
23 the nature and extent of an injuries suffered must be disclosed, including amounts claimed for
24 "general" damages (pain, suffering, or disfigurement) as well as "special" damages (medical bills,
25 lost wages, cost of repairing damaged property, etc.)" *Id.*  Furthermore, the computation of
26 damages requirement necessitates some analysis. *Id.* (holding that plaintiffs must provide a
27 detailed disclosure of calculations and the documentation supporting the computation); *see also*
28 *U.S. v. Rempel*, No. A00-0069-CV (HRH), 2001 WL 15272190, at *2 (D. Alaska 2001) (holding

1  that the government was required to disclose computation of tax liability, the functional

2  equivalent of damages calculation in a tort case); *First Nat. Bank of Chicago v. Ackerley*

3  *Communications, Inc.*, 2001 WL 15693 at *6 (S.D.N.Y. 2001) (explaining that the calculation of

4  damages requires more than merely setting forth the figure demanded).

5      Plaintiffs made a threshold claim of the category of "compensatory damages" in their

6  initial disclosures without making a detailed specification of the amounts claimed for the

7  economic damages claimed. *See Tutor-Saliba Corp.*, 218 F.R.D. at 221. (Doc. 39 at 5.)

8  Plaintiffs failed to provide any analysis or computation of economic damages, identify the

9  documents relating to damages, or supplement their initial disclosures with any necessary

10 documents supporting the increased rent amount following Ms. Simmons' deposition. *See Ketab*

11 *Corp. v. Mesriani Law Grp.*, 2016 WL 5921767, at *3 (C.D. Cal. Mar. 18, 2016) (explaining that

12 the failure to provide documentation and computations is "wholly insufficient" under Rule 26 and

13 does not allow "Defendants to understand the contours of their potential exposure and make

14 informed decisions as to settlement and discovery"). Thus, Plaintiffs disclosures are deficient.

15 However, because Ms. Simmons testified that she suffered the rent increase, which gave

16 Defendants sufficient notice of her claim, her failure to comply with Rule 26 is harmless.

17 Accordingly, Defendants' motion (Doc. 33) is **DENIED**.

18

19 IT IS SO ORDERED.

20    Dated: **February 11, 2025**

                                          UNITED STATES DISTRICT JUDGE